·E. M. Critz, of Coleman, for appellant.

Dibrell & Snodgrass and L. M. Crump, all of Coleman, for appellees.

## FIRST COLEMAN NAT. BANK OF COLEMAN v. VAUGHAN et al.

### No. 8858.

Court of Civil Appeals of Texas. Austin.

April 10, 1940.

On Rehearing April 24, 1940.

BLAIR, Justice.

This litigation arose as follows:

L. C. Vaughan and his wife, Izabel Vaughan acquired 253 acres of land which they used and occupied as their homestead from August 29, 1905, until the death of Mrs. Vaughan, July 16, 1917. There were seven children of this marriage, all of whom were adults except Bettie Vaughan, who, at the time of the death of the mother, was 17 years of age, and was unmarried. After the death of Mrs. Vaughan, the husband, L. C. Vaughan, and the unmarried daughter continued to occupy the 253 acres of land as homestead until the death of L. C. Vaughan, April 24, 1935. After the death of L. C. Vaughan, appellant, First Coleman National Bank of Coleman, a general creditor of L. C. Vaughan, applied for an administration upon his estate, and was appointed and qualified as administrator, and as such administrator filed and allowed the claim of the bank for $1,533.38. Other claims of general creditors were also filed and approved, all being approved as fourth

class claims. The estate was insolvent, its only property being the 253 acres of land, which was incumbered with a valid lien not here involved. On June 13, 1938, L. Vaughan, a son of the deceased, was appointed administrator in lieu of the appellant bank. On July 2, 1938, Bettie Vaughan, the unmarried daughter, filed her application in the county court to have a part of the 253 acres of land set aside to her as her homestead; and on July 30, 1938, the county court granted her application in part by setting aside to her the one-half interest of the deceased father in the 253 acres of land, and decreeing that same was the homestead of the father and the unmarried daughter at the time of his death; and that same was exempt from all claims of general creditors; but not as to taxes and another valid lien, which are not here involved.

From this judgment appellant bank appealed to the district court and on October 1, 1938, the district court rendered judgment modifying the judgment of the county court by setting aside to Bettie Vaughan as exempt homestead property one-half of 200 acres of the 253-acre tract, subjecting a one-half interest in the excess 53 acres to the general claims of creditors; and decreeing that the 200-acre homestead was exempt from the debts or claims of all general creditors, and providing that the 200-acre homestead, if not heretofore designated, should be designated "according to established rules of law"; hence this appeal.

Appellant states that "the principal question presented * * * is whether * * * a homestead exemption as against creditors of an insolvent estate is preserved and continued after the death of the father and husband who died after the death of the mother and wife, leaving seven adult children, one of whom was an adult unmarried daughter."

Under the facts of the instant case, we regard the question presented as having been definitely settled against the contention of appellant by several decisions of the Supreme Court, which hold that under the pertinent provisions of Art. 16, Sec. 52, Tex. Const., Vernon's Ann.St., and Arts. 3314, 3485, 3494, 3499, 3500, 3832, and 3833, R.S. 1925, where both parents die leaving an insolvent estate, and a homestead, and at the time of the last parent's death an unmarried adult daughter is residing on the homestead with the last parent as a member of the family, the homestead is not subject to the debts of the general creditors of the last surviving parent; and that such homestead, on the death of the last parent, vests in his or her heirs, free from debts of general creditors. Givens v. Hudson, 64 Tex. 471; Cline v. Niblo, 117 Tex. 474, 8 S.W.2d 633, 66 A.L.R. 916; Ward v. Hinkle, 117 Tex. 566, 8 S.W.2d 641; and Milner v. McDaniel, 120 Tex. 160, 36 S.W.2d 992, 993; wherein the court say:

"It has often been determined by the Supreme Court of this state that, upon the death of an owner using and occupying property as a homestead, when there remains a constituent member of the family (wife, husband, minor child, or unmarried daughter), the title passes to all of the heirs and is subject only to the right of use by those entitled to occupy it as a homestead; the estate thus taken by the heirs to the property is unburdened by the claims of creditors of the community estate. Childers v. Henderson, 76 Tex. 664, 13 S. W. 481; Cameron v. Morris, 83 Tex. 14, 18 S.W. 422; Zwernemann v. Von Rosenberg, 76 Tex. 522, 13 S.W. 485; Lacy v. Lockett, 82 Tex. 190, 17 S.W. 916, 918; Roots v. Robertson, 93 Tex. 365, 55 S.W. 308.

\* \* \* \* \*

"The foregoing authorities firmly establish the principle that a homestead cannot be subjected to the payment of community debts when there remains any constituent member of a family, as designated by the Constitution and statutes of this state, to take and occupy it as such. Under such circumstances it descends and vests in all the heirs free from community debts, even though some of the heirs may be adults and not entitled to any homestead interest in the property."

In determining the question that the interest of the adult children in the homestead, other than the unmarried daughter, should be exempt, the court referred to the dissenting opinion of Chief Justice Stayton in Childers v. Henderson, 76 Tex. 664, 13 S.W. 481, as follows: "In the above case Chief Justice Stayton dissented, stating that it seemed contrary to the spirit as well as the letter of the law to exempt the adult heirs' portion of the homestead from sale for the ancestor's debts because the interest of the unmarried daughter was not subject to sale. The doctrine announced by the majority, however, has been continuously followed and reaffirmed in numerous cases,

so that it may now be said to be the settled law of this state."

Having concluded that the homestead vested in the children free of the debts of general creditors, where an unmarried daughter remains as the constituent member of the family, the trial court decreed that a 200-acre homestead out of the 253-acre community tract should vest in all the children free of debts of general creditors, and that the one-half interest of the father in the 53 acres of excess be subjected to the debts of general creditors. Manifestly, the District Court fixed a homestead on 200 acres of the community estate of 253 acres, but instructed the County or Probate Court to ascertain if a specific 200 acres had been actually designated as the homestead of the father during his lifetime; and if not, then to designate a homestead on 200 acres of the 253 acres "according to established rules of law."

By cross-assignment of error appellees contend that this judgment should be modified so as to allow the homestead to be established on the entire undivided one-half interest of the father in the 253-acre community tract, plus enough of the mother's interest to make the 200 acres. The judgment should be so modified, if the facts show that the homestead had not been established during the lifetime of the father on a specific 200 acres of the 253-acre community tract. This is in accord with the rule stated in McAlister v. Farley, 39 Tex. 552, as follows:

"* * * if all the lands are community property, the children are entitled to their mother's interest in it; if the homestead was fixed upon community property, they hold it as fixed and established by their father. In other words, the homestead in that case will be taken out of the community estate, and the remainder will be partitioned.

"But if there was no homestead fixed and established during the lifetime of the father, then under the act of August 15, 1870, the children will be entitled to a homestead of two hundred acres out of the individual share of their father."

The Act of August 15, 1870 (Vol. 6, Gammel's Laws, 301), is in substance now Art. 3499, R.S. 1925, which provides that the homestead is not liable for debts, except those enumerated. As thus modified, the judgment of the trial court is affirmed. That is, if there was no homestead actually fixed and established on a specific 200 acres of the 253 acre community tract, then the children would be entitled to a homestead free of debts of general creditors, "out of the individual share of their father," plus enough out of the community interest of the mother to make 200 acres, which vested in the children free of the debts of general creditors, under the rule that a homestead cannot be subjected to the payment of general creditors when there remains any constituent member of a family. Milner v. McDaniel, supra. In consequence, the County or Probate Court should ascertain the facts as to actual designation of the homestead, and set it aside free of debts of general creditors, in accordance with the rule stated herein.

Modified and affirmed.

### On Motions for Rehearing.

By appellees' motion for rehearing it is stated that the only property subject to the homestead exemption is the undivided one-half interest of L. C. Vaughan, deceased, in the 253-acre tract of land in question; and that by their pleadings they asked that only such one-half undivided interest be set aside as exempt homestead property. This claim is based upon the fact that, after the death of Mrs. Vaughan, the children conveyed their one-half interest, inherited from the mother, in the 253 acres of land to their father, who after obtaining a loan on the 253-acre tract reconveyed the undivided one-half interest to his children. We were mistaken in the view that the parties regarded these conveyances as simulated and that the homestead remained in 200 acres of the 253 acres of land described. Appellees did not so regard the conveyances, and considered that the only property belonging to L. C. Vaughan at the time of his death was the one-half undivided interest in the 253-acre tract. Accordingly, we reform and affirm the judgment of the District Court so as to unconditionally set aside as exempt homestead property, not subject to the debt of appellant, the undivided one-half interest owned by L. C. Vaughan at the time of his death in the 253 acres of land described in the judgment of the District Court, and as so reformed the judgment of the trial court is affirmed.

The motion of appellees for a rehearing is granted as above stated; and the motion of appellant for a rehearing is overruled.

Appellees' motion granted.

Appellant's motion overruled.