## GREY v. LONGVIEW NAT. BANK.
### No. 5928.

Court of Civil Appeals of Texas.
Texarkana.
March 26, 1942.

H. H. Wellborn, of Henderson, for appellant.

Jack E. Price, of Longview, and Frank C. Bolton, of Henderson, for appellee.

WILLIAMS, Justice.

A tract of land, containing less than 200 acres, out of the I. Lee Survey in Rusk County was the community property of Joe Harkless and Josie Harkless, his wife. Josie died intestate October 30, 1937. Joe died February 15, 1939. Amie Lee (Harkless) Grey, a daughter, qualified as administratrix of the estate of Joe Harkless.

On July 16, 1937, an abstract of judgment against Joe Harkless was filed, recorded and properly indexed in the judgment lien records of the county clerk's office of Rusk County. Upon the refusal of Amie Lee (Harkless) Grey, administratrix of the estate of Joe Harkless, defendant below, to approve the claim represented by said judgment and lien presented by Longview National Bank, plaintiff below, the latter instituted the present suit to establish such debt and lien against the one-half interest of Joe Harkless in above land.

In a trial to the court, plaintiff's claim in the amount of the judgment with interest was established, and the abstract of judgment lien was decreed a valid lien with right of foreclosure against the undivided one-half interest of Joe Harkless in the land. This judgment was ordered certified to the Probate Court of Rusk County for observance in the administration of the estate of Joe Harkless, deceased.

This tract of land was the homestead of Joe Harkless and Josie Harkless up until the death of the latter. It continued to remain the homestead of Joe Harkless until his death. Amie Lee (Harkless) Grey was the only child of this marriage. She survived her father, and at the time of his death Amie Lee was a married woman living with her husband, having married six days prior to her father's death. Her marriage relationship still exists. No wife, minor or unmarried daughter survived Joe Harkless on his death.

Grounded upon above facts the court found, as recited in his conclusions of law, that there was no constituent member of the family of Joe Harkless in existence at the date of his death which would prevent plaintiff from satisfying its claim against the undivided one-half interest of Joe Harkless, deceased, in the land.

In the sole question presented on this appeal, appellant attacks above conclusions of law and contends that although she was a married woman and living with her husband at the time of her father's death, she was and remained a constituent member of decedent's family. This same question was presented and fully discussed by our Supreme Court in Massey v. Citizens' National Bank, 124 Tex. 252, 77 S.W.2d 201, and there determined adversely to appellant's contentions here presented. See also 22 T.J. 329, Sec. 228. "If no constituent of the family has survived, the property is subject to sale for the payment of the claims of creditors." 22 T.J. 326, Sec. 16. Massey v. Citizens' National Bank, supra, is decisive of the question presented. The

cases cited by appellant, namely, Milner v. McDaniel, 120 Tex. 160, 36 S.W.2d 992, and First Coleman National Bank v. Vaughan, Tex.Civ.App., 139 S.W.2d 870, hold not to the contrary.

The action of the trial court will be affirmed.