**In re HANOVER INDUSTRIAL MACHINE CO., t/a Himco, Debtor.**

**HANOVER INDUSTRIAL MACHINE CO., Plaintiff,**

v.

**AMERICAN CAN COMPANY, Defendant.**

**Bankruptcy No. 85–04471G.**
**Adv. No. 86–0058G.**

United States Bankruptcy Court,
E.D. Pennsylvania.

June 6, 1986.

---

Melvin Lashner, J. Scott Victor, Melvin Lashner Associates, Philadelphia, Pa., for debtor/plaintiff, Hanover Indust. Mach. Co., t/a Himco.

David M. Friedman, Finley, Kumble, Wagner, Heine, Underberg, Manley & Casey, New York City, for defendant, American Can Co.

Robert Lapowsky, Rubin, Quinn & Moss, Philadelphia, Pa., for movant, Official Creditors' Committee.

## OPINION

EMIL F. GOLDHABER, Chief Judge:

The issue to be determined in the case at bench is whether the ruling on intervention issued in *Official Unsecured Creditors' Committee v. Michaels (In Re Marin Motor Oil, Inc.)*, 689 F.2d 445 (3d Cir.1982),[1] was "overruled" by the later adopted Bankruptcy Rules which took effect on August 1, 1983. We conclude that it was not "overruled," since the decision may be harmonized with the Bankruptcy Rules.

The facts of this controversy are as follows:[2] The debtor filed a petition for reorganization under chapter 11 of the Bankruptcy Code ("the Code") last year, and shortly thereafter we appointed an official committee of unsecured creditors ("the Committee"). Several months later the debtor filed the instant adversary proceeding against the American Can Company ("American"). The complaint requests recovery of $96,267.09 on a pre-petition claim for goods sold and delivered by the debtor to American. Prior to the filing of the petition the debtor was liable to American on a secured debt for $300,000.00, plus a contingent liability of $3,700,000.00. This contingent liability vested after the filing of the petition. In the complaint the debtor also requests subordination of its liability to American in favor of the debtor's other creditors on the grounds that, *inter alia*, the debtor was formerly a wholly owned subsidiary of American.

As a general matter, the Code defines the creation, alteration or elimination of substantive rights but the Bankruptcy Rules define the process by which these privileges may be effected. For instance, the Bankruptcy Rules provide that a request for an order of the Bankruptcy Court must be sought by motion unless the Rules provide otherwise. Bankruptcy Rule 9013; J. Murphy, *The Essence of Bankruptcy Procedure*, 90 Commercial Law Journal 442, Oct. 1985. The Rules authorize requests for a very few types of orders that are to be sought by application. See, e.g., Bankruptcy Rule 2014 (request for the appointment of a professional person); Rule 2016 (request for compensation or reimbursement of expenses). Another select group of orders may only be sought by the institution of an adversary proceeding via a complaint. Bankruptcy Rule 7001. This scheme was implemented as to Code cases on the effective date of the Bankruptcy Rules on August 1, 1983. The former Bankruptcy Rules adopted *circa* 1973 governed procedural matters in Code cases prior to August 1, 1983.

---

1. *Cert. den.,* 459 U.S. 1206, 1207.

2. This opinion constitutes the findings of fact and conclusions of law required by Bankruptcy Rule 7052.

Very often, a party's request for an order is met by opposition. This resistance may arise in two contexts, the first of which is within the scope of an adversary proceeding. The second type of dispute takes the form of a contested proceeding within the meaning of Bankruptcy Rule 9014. An adversary action is essentially a civil action nested within a bankruptcy case. The distinction is pertinent since Bankruptcy Rules 7001 through 7087 govern the management of adversary proceedings, while Bankruptcy Rule 9014, which incorporates by reference many other Rules, governs contested matters. The enabling statute, authorizing the creation of Bankruptcy Rules mandates, in pertinent part, that:

§ 2075. Bankruptcy Rules

The Supreme Court shall have the power to prescribe any general rules, the forms of process, writs, pleadings, and motions, and the practice and procedure in cases under Title 11 [the Bankruptcy title].

Such rules shall not abridge, enlarge, or modify any substantive right.

28 U.S.C. 2075.

As applied to the issue of intervention in chapter 11 cases, 11 U.S.C. § 1109(b) of the Code provides that:

(b) A party in interest, including the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee, may raise and may appear and be heard on any issue in a case under this chapter.

11 U.S.C. § 1109(b). This provision, being a part of subchapter I of chapter 11 of the Code, is effective only as to chapter 11 cases. 11 U.S.C. § 103(f).[3]

The procedure governing intervention in contested matters is dictated by Bankruptcy Rule 2018:

**3.** Subchapter I of chapter 11 consists of 11 U.S.C. § 1101 through 1113. Section 103(f) states as follows:

§ 103. Applicability of chapters

\*      \*      \*      \*      \*      \*

Rule 2018
## INTERVENTION; RIGHT TO BE HEARD

(a) Permissive Intervention. In a case under the Code, after hearing on such notice as the court directs and for cause shown, the court may permit any interested entity to intervene generally or with respect to any specified matter.

(b) Intervention by Attorney General of a State. In a chapter 7, 11, or 13 case, the Attorney General of a State may appear and be heard on behalf of consumer creditors if the court determines the appearance is in the public interest, but the Attorney General may not appeal from any judgment, order, or decree in the case.

(c) Chapter 9 Municipality case. The Secretary of the Treasury may, or if requested by the court, shall, intervene in a chapter 9 case. Representatives of the state in which the debtor is located may intervene in a chapter 9 case with respect to matter specified by the court.

(d) Labor Unions. In a chapter 9 or 11 case, a labor union or employees' association, representative of employees of the debtor, shall have the right to be heard on the economic soundness of a plan affecting the interests of the employees but it may not appeal from any judgment, order, or decree in the case unless otherwise permitted by law.

(e) Service on Entities Covered by this Rule. The court may enter orders governing the service of notice and papers on entities permitted to intervene or be heard pursuant to this rule.

Bankruptcy Rule 2018. The procedure for intervention in adversary actions is determined by Bankruptcy Rule 7024 which states that, "Rule 24 F.R.Civ.P. applies in adversary proceedings." Rule 24 states as follows:

(f) Except as provided in section 901 of this title, subchapters I, II, and III of chapter 11 of this title apply only in a case under such chapter.

\*      \*      \*      \*      \*      \*

554

## Rule 24
### INTERVENTION

(a) Intervention of Right. Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

(b) Permissive Intervention. Upon timely application anyone may be permitted to intervene in an action: (1) when a statute of the United States confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common. When a party to an action relies for ground of claim or defense upon any statute or executive order administered by a federal or state governmental officer or agency or upon any regulation, order, requirement or agreement issued or made pursuant to the statute or executive order, the officer or agency upon timely application may be permitted to intervene in the action. In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

(c) Procedure. A person desiring to intervene shall serve a motion to intervene upon the parties as provided in Rule 5. The motion shall state the grounds therefor and shall be accompanied by a pleading setting forth the claim or defense for which intervention is sought. The same procedure shall be followed when a statute of the United States gives a right to intervene. When the constitutionality of an Act of Congress affecting the public interest is drawn in question in any action to which the United States or an officer, agency, or employee thereof is not a party, the court shall notify the Attorney General of the United States as provided in Title 28, U.S.C. § 2403.

Fed.R.Civ.P. 24. Having laid this foundation, we move to our analysis and the decisional law.

■ In 1982 the Court of Appeals of the Third Circuit was faced with the question of whether 11 U.S.C. § 1109(b) gives a creditors' committee an absolute right of intervention in adversary proceedings. *Official Unsecured Creditors' Committee v. Michaels (In Re Marin Motor Oil, Inc.),* 689 F.2d 445 (3d Cir.1982), *cert. den.,* at 459 U.S. 1206, 1207, 103 S.Ct. 1196, 75 L.Ed.2d 440; *contra, Official Creditors Committee v. Gulf Oil Corp. (In Re Fuel Oil Supply and Terminaling),* 762 F.2d 1283 (5th Cir.1985). In construing § 1109(b) and the former Bankruptcy Rules governing reorganization, which were then in effect, the court held that a creditors' committee in an adversary proceeding in chapter 11 had an absolute right of intervention.

American contends that with the passage of the current Bankruptcy rules *Marin* has been "overruled." We disagree.

On the issue of intervention as a matter of right, Rule 24 states in reiteration that, "Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene...." Section 1109(b) of the Code is a statute of the United States which, according to *Marin,* a Third Circuit case, the opinion of which is binding on us, grants certain parties an unconditional right to intervene. Hence, in an adversary pending in a chapter 11 case, a creditors' committee has an absolute right to intervene.

We will accordingly grant the Committee's motion to intervene.