IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-50693
Summary Calendar
_____

In The Matter Of:  NOLA FAYE GEE,

                                        Debtor.

_____

ANGELA ANGELO, Personal Representative of
the Estate of Nola Faye Gee, Debtor,

                                        Appellant,

        v.

DEBORAH GEE,

                                        Appellee.

_____

Appeal from the United States District Court
for the Western District of Texas
Docket No. A-99-CA-074-SS
_____

December 9, 1999

Before KING, Chief Judge, and SMITH and EMILIO M. GARZA, Circuit
Judges.

PER CURIAM:[*]

        Appellant Angela Angelo seeks reversal of the district

court's affirmance of the bankruptcy court's dismissal, under 11

U.S.C. § 707(a), of debtor's Chapter 7 case.  We affirm.


I.  FACTUAL AND PROCEDURAL BACKGROUND

_____

        [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

Nola Gee ("Debtor") filed a Chapter 13 bankruptcy case on March 17, 1998. Debtor's largest asset was her homestead, a ranch that was valued at $380,300. Debtor elected that Texas state law be used to define her exempt property, and under that law, her ranch was exempt at the time of her filing. Her largest creditor was the estate of her ex-husband, the Honorable Thomas Gee, to which she claimed she owed $207,000 as a result of a lawsuit to enforce a divorce decree. That estate was administered by Deborah Gee, Judge Gee's widow. Debtor's Chapter 13 case was converted to a Chapter 7 case on May 1, 1998.

Debtor died May 12, 1998. Deborah Gee filed a motion to dismiss the bankruptcy case under 11 U.S.C. § 707(a) on August 28, 1998 to allow the distribution of assets to be handled entirely by the state probate court. Dismissal was sought because under Texas law, there is no homestead exemption when the sole homesteader dies without dependents or a spouse. See TEX. CONST. art. XVI, §§ 50, 51 (West 1998); TEX. PROP. CODE ANN. § 41.002(b)(1) (West 1998); Grey v. Longview Nat'l Bank, 161 S.W.2d 166, 166 (Tex. Civ. App. 1942, no writ) (holding that where no family member survives, the decedent's homestead is available to satisfy the claims of creditors). As a result, dismissal would make the homestead available to satisfy the Debtor's creditors. Continuation of the case, on the other hand, would cause the homestead to be included in the probate estate as a result of it being an exempt asset at the time the bankruptcy petition was filed. This would leave only other non-exempt

2

assets available to satisfy creditors.

A hearing on the matter was held October 6, 1998, and on December 14, the bankruptcy court granted Deborah Gee's motion. Weighing the equities of dismissal against retention of the case, the bankruptcy court determined that continuation of the case would cause Debtor's heirs to be placed ahead of creditors, and would not give the Debtor the benefit of a "fresh start" inasmuch as she had died. Dismissal, on the other hand, would benefit the creditors, and would result in Debtor's heirs receiving the assets that remained after creditors had been paid. The district court affirmed, holding that the bankruptcy court had not abused its discretion in dismissing the case. Angelo timely appeals.

## II. DISCUSSION

Angelo argues that the district court erred in affirming the bankruptcy court's dismissal because the clear language of Bankruptcy Rule 1016 prohibits dismissal when a Chapter 7 debtor dies after filing a bankruptcy petition. Rule 1016 provides that "[d]eath or insanity of the debtor shall not abate a liquidation case under chapter 7 of the Code. In such event the estate shall be administered and the case concluded in the same manner, so far as possible, as though the death or insanity had not occurred." Angelo points to the use of the word "shall" in the above, and argues that the provision is mandatory, i.e., the court shall not abate the case. The bankruptcy court's reliance on the notion that a dead person does not need a "fresh start," Angelo urges,

3

reads Rule 1016 out of existence.

We review the bankruptcy court's dismissal under 11 U.S.C. § 707(a) for abuse of discretion.  See Peterson v. Atlas Supply Corp. (In re Atlas Supply Corp.), 857 F.2d 1061, 1063 (5th Cir. 1988).  In order to find that the court abused its discretion, we must determine that its factual findings were clearly erroneous, or that it applied incorrect legal standards.  See Latvian Shipping Co. v. Baltic Shipping Co., 99 F.3d 690, 692 (5th Cir. 1996).

We agree with Angelo that in enacting the Bankruptcy Code of 1978, Congress contemplated that a Chapter 7 debtor's exempt assets would be transferred to her probate estate upon her death. See In re Gridley, 131 B.R. 447, 450 (Bankr. S.D. 1991) (quoting a portion of the legislative history to 11 U.S.C. § 541).  Rule 1016, promulgated by the Supreme Court under 28 U.S.C. § 2075, allows that result.  At issue here, however, is whether Rule 1016 restricts creditors' use of provisions within the Bankruptcy Code to seek, and obtain, dismissal of a Chapter 7 case.

"As a general matter, the [Bankruptcy] Code defines the creation, alteration or elimination of substantive rights but the Bankruptcy Rules define the process by which these privileges may be effected."  Hanover Indus. Mach. Co. v. American Can Co. (In re Hanover Indus. Mach. Co.), 61 B.R. 551, 552 (Bankr. E.D. Pa. 1986).  Under 28 U.S.C. § 2075, the rules the Supreme Court was given the power to promulgate are not to "abridge, enlarge, or modify any substantive right."  This would suggest that as a

4

general matter, Rule 1016 cannot restrict the operation of the Code's provisions. Gridley, a case cited by Angelo in support of her argument, also suggests that Rule 1016 does not restrict the application of other sections of the Bankruptcy Code. See 131 B.R. at 451-52 (considering whether a Chapter 7 case should be dismissed under 11 U.S.C. § 305 and finding that the facts of the case did not support dismissal). Nothing in § 707(a) indicates that the death of the debtor has the effect of restricting the provision's availability as a means of seeking and obtaining dismissal of a Chapter 7 case.

The language of Rule 1016 supports this interpretation. The Rule provides that the court administer and conclude the Chapter 7 case "in the same manner, so far as possible" as though the debtor's death had not occurred. This language suggests that the Code's provisions, including § 707(a), are to be applied as they otherwise would be. Rule 1016 also specifically contemplates courts considering the fact that the debtor has died after filing a petition. To suggest that courts must ignore the debtor's death entirely makes the Rule's phrase "so far as possible" meaningless. See In re Moss, 239 B.R. 537, 542 (Bankr. W.D. Mo. 1999).

For the above reasons, we do not find that the bankruptcy court misapplied the law. A review of the bankruptcy court's thorough opinion and of the facts of this case leads us to conclude that the bankruptcy court did not abuse its discretion in granting Deborah Gee's motion to dismiss the Debtor's Chapter

5

case under § 707(a).  As a result, we AFFIRM.