M. MILNER v. T. L. McDANIEL ET AL.

No. 5573. Decided March 18, 1931.
(36 S. W., 2d Series, 992.)

*Loftin & Hall* and *W. G. Eustis,* for appellant.

All that the constitution prescribed respecting the homestead is contained in article XVI, secs. 49, 50, 51 and 52. The constitution defines the homestead, exempts it from forced sale or mortgage, and provides that it shall descend like other property, but shall not be partitioned among the heirs during the life of the survivor of the marriage or so long as the survivor elects to occupy it as a homestead. It is only the statute that fixes the homestead exemption in certain heirs which it defines. When Josephine McDaniel died June 15, 1918, her half interest in the 160 acres community homestead passed to her children, subject to the community debts, but could not be taken for these debts or partitioned among the children during the life of her surviving husband, G. W. McDaniel, Sr., or as long as he elected to occupy it as a homestead. When G. W. McDaniel, Sr. waived his homestead right to eighty acres, the west half of the 160 acres, and on June 12, 1926, partitioned the 160 acres with his children and gave them a deed to this west half, he abandoned it as his homestead. On his death July, 1927, there being no constituent of his family, all that was left of his homestead was the eighty acres west half, and it passed to his children subject to his com-

munity debts. Root v. Robertson, 93 Texas, 363, 55 S. W., 308; Wilkins v. Briggs, 107 S. W., 135; Holland v. Swilley, 268 S. W., 758; Givens v. Hudson, 64 Texas, 471; Clark v. Goins, 23 S. W., 703; Green v. Bank, 7 S. W. (2d) 620; Burns v. Jones, 37 Texas, 50; Zwerneman v. Von Rosenberg, 76 Texas, 522, 13 S. W., 485; Constitution of Texas, art. XVI, secs. 50, 51, 52; Revised Statutes of 1925, arts. 2579, 3114, 3485, 3488, sec. 2, 3488, sec. 4; articles 3492, 3494, 3496, 3497, 3499; articles 3501, 3661.

An abstract of the judgment in cause number 1317, was duly recorded in Clay county and indexed April 11, 1910, and operated as a lien upon all of the real estate of G. W. McDaniel, Sr. in Clay county, except his homestead, and upon all that he thereafter acquired in Clay county, and if he abandoned his homestead or any part thereof, it operated as a judgment lien on the abandoned homestead. On June 12, 1926, G. W. McDaniel, Sr. partitioned his 160 acre homestead between himself and his children, so as to give them the west half they inherited from their mother, and executed to them a deed to the west eighty acres of it. This was a relinquishment and abandonment of the said eighty acres as his homestead. As soon as abandoned, the said judgment lien took effect and operated as a valid lien on said eighty acres. Revised statutes of 1925, art. 5449; Glasscock v. Stringer, 33 S. W., 677; Mark v. Bell, 31 S. W., 699; Wallis v. Wendler, 65 S. W., 43.

G. W. McDaniel, Sr. died July ___, 1927. All of his children were of age and all of his daughters were married, and there was no constituent of his family. All that remained of the community property of himself and his deceased wife, Josephine McDaniel, was the eighty acres west half of the 160 acre homestead, and it passed to their children subject to the community debts evidenced by the two judgments sued upon.

*G. B. Smedley* and *Donald & Donald,* for appellees.

The facts, as found by the court, are not in anywise attacked by the plaintiff herein, and are recognized by the defendants as being true facts, and assuming such to be a fact, it is plainly discernible that all the property in question on June 15, 1918, was the homestead of Josephine McDaniel, and G. W. McDaniel, Sr., and, therefore, the recovery of a judgment and the filing of an abstract of such judgment could not in anywise create a lien against said property which was then their homestead. Savage v. Cowan, 113 S. W., 319 Panhandle Lumber Company v. Fairey, 3 S. W. (2d) 941.

The rule as announced by these decisions seems to be well settled as the law of this state that a judgment lien does not extend or attach to the homestead of the judgment debtor as long as the property remains the homestead.

Assuming this to be the law of this state and unquestionably it is, there was no right existing by reason of the recovery of the judgment,

and the abstracting thereof at the time in question for the court finds that this property was the homestead of Josephine McDaniel and G. W. McDaniel at the time of the death of Josephine McDaniel, which was June 15, A. D. 1918. This being true, Josephine McDaniel could have at any time during her lifetime sold the property and the judgments as abstracted would not have in anywise hindered or retarded the sale thereof; likewise at her death the homestead rights of her surviving husband, G. W. McDaniel, Sr. continued, and were unaffected by reason of the judgments in question, and he had the right to sell his interest in the land at any time and the judgments in question and the filing of the abstracts thereof was no hinderance whatsoever. He did sell his interest and the court holds that the lien does not attach thereto, even if one ever did exist.

Upon the death of Josephine McDaniel under the law this state, her property rights which was an undivided one-half ($\frac{1}{2}$) interest in the land in question passed immediately to, and vested in her children, without remainder to anyone. The other one-half ($\frac{1}{2}$) interest in this land was retained by the said G. W. McDaniel, Sr., and under our law, the said G. W. McDaniel, Sr. was entitled to use the entire tract as a homestead, and he did so until he and his children finally entered into a partition deed whereby he took as his interest in the land in question a specified tract of land which he afterwards sold, as was his right to so do, and the court does not even attempt to subject the property owned by the said G. W. McDaniel, Sr., and sold by him in any manner whatsoever, to the purported lien in question, but attempts to subject the interest of Josephine McDaniel to the payment of such debts.

This, we say, is not warranted in law, or under the Constitution of this state, article 16, section 50, the homestead is protected from forced sale, for the payment of all debts except those within the three classes named which are (a) purchase money, (b) taxes due, and (c) for work and material used in constructing improvements thereon contracted in the manner prescribed in the Constitution.

Our law also provides that the proceeds derived from the sale of the homestead is exempt under the law, for a period of six (6) months. Therefore, no lien whatever could attach unless it comes within the provisions permitting the homestead to be sold under forced sale, and we say under the decision of Cline v. Niblo (Texas Sup. Ct.), 8 S. W. (2d) 633; Johnson v. Hampton (Texas Sup. Ct.), 8 S. W. (2d) 640, and Word v. Hinkle (Texas Sup. Ct.), 8 S. W., 641, that no right exists to subject the interest of these appellants to the payment of such judgments, for these decisions hold that when Josephine McDaniel died, her interest in the homestead passed to her children, free of all debts and charges of any kind and character, and since the court has specifically found that the judgments herein sued upon were not for purchase money,

for taxes, or for improvements made thereon according to law it was error for the court to attempt to subject the same to the payment thereof, for in fact no lien could attach under the decisions cited.

T. L. McDaniel, one of the children, was sued as a defendant, and judgment obtained against him, jointly and severally with G. W. Mc-Daniel. Therefore, since he did not plead that the interest which he received from his mother's estate was his homestead, his interest in the property could be subjected to execution, and, therefore, no attempt is here made to release it therefrom, but as to the interest of all the other children in the land in qustion, we say that no lien existed, for which a sale could be made under the Constitution and laws of this state.

MR. COMMISSIONER LEDDY delivered the opinion of the court.

G. W. McDaniel, Sr., and his wife, Josephine, used and occupied 160 acres of land as a rural homestead. The wife died in 1918, leaving surviving her husband, one minor son eighteen years of age, and several adult children. The father and minor son continued to use and occupy the homestead until in June, 1926, when the same was partitioned between the father and children, eighty acres being set aside to the father and the same amount to the children. Thereafter the father, for a valuable consideration, sold the eighty acres set apart to him in the partition to his son, G. W. McDaniel, Jr.

Plaintiff in error brought this suit to foreclose upon the premises aforesaid in a judgment lien, which he averred was created by the abstracting of a judgment obtained by him in 1910 against G. W. McDaniel, Sr. and T. L. McDaniel, his son.

The case was tried before the court, without the intervention of a jury, and judgment rendered foreclosing plaintiff in error's judgment lien upon the eighty acres owned by the children of G. W. McDaniel. Upon appeal the Court of Civil Appeals, 19 S. W. (2d) 426, reformed the judgment so as to decree a foreclosure only as against T. L. McDaniel on his one-fourteenth interest in the eighty acre tract of land.

The legal question arising under the facts may be thus stated: Since the property upon which the lien was sought to be foreclosed was the homestead of G. W. McDaniel, Sr., and Josephine McDaniel, did such homestead, upon the death of Josephine McDaniel, pass to the surviving husband her heirs free from community debts?

Plaintiff in error invokes the doctrine announced by the Supreme Court in Givens v. Hudson, 64 Texas, 471, to sustain his contention that the property in question was subject to the payment of community debts. The rule announced in that case cannot assist the plaintiff in error in maintaining the proposition that the homestead in this case was subject to the payment of the community debts of G. W. McDaniel, Sr. For such decision only goes to the extent of declaring that upon the death of the husband or wife, *if there is no remaining constituent of the family*

*entitled to occupy the homestead as such,* it descends and vests in the adult heirs subject to the payment of community debts.

Here it is shown that upon the death of the wife the husband and minor son were entitled, under the express provisions of the Constitution (article 16, sec. 52), as constituent members of the family remaining, to occupy the property as a homestead free from interference by creditors. It did not become subject to sale for community debts even when the minor became of age and the property ceased to be used for homestead purposes.

It has often been determined by the Supreme Court of this state that upon the death of an owner using and occupying property as a homestead, where there remains a constituent member of the family (wife, husband, minor child or unmarried daughter), the title passes to all of the heirs and is subject only to the right of use by those entitled to occupy it as a homestead; the estate thus taken by the heirs to the property is unburdened by the claims of creditors of the community estate. Childers v. Henderson, 76 Texas, 664, 13 S. W., 481; Cameron v. Morris, 83 Texas, 14, 18 S. W., 422; Zwernemann v. Von Rosenberg, 76 Texas, 522, 13 S. W., 485; Lacey v. Lockett, 82 Texas, 190, 17 S. W., 918; Roots v. Robinson, 93 Texas, 365, 55 S. W., 308.

In the case of Lacey v. Lockett, above cited, the situation was practically identical with that here involved, and the holding is decisive of the proposition that even the adult heirs of Mrs. McDaniel took the homestead free from community debts. This conclusion is clear from the following language used by the court:

"Upon the death of N. H. Cook, his wife and daughter inherited or took the title to the land composing the homestead in equal portions, and upon the decease of Mrs. Cook the title to the whole property (except that part already sold) vested in the appellant Mrs. Annie G. Lacey. As the exemption from forced sale continued from the time it was set apart to her mother, and as it was thereafter not liable for the debts of the deceased father, as we have seen, it follows that she inherited the property absolutely and free from the claims of creditors or the administrator."

At the death of Mrs. McDaniel the homestead property descended and vested in her husband and children in equal portions, with the rights of occupancy of the entire tract by the father and minor son. Since there remained constituent members of the family, the premises retained the homestead character and therefore passed free from liability for community debts. When the property descended free from such obligations, the exemption was a continuing one; hence a creditor holding a community debt by recording his judgment could lawfully acquire no lien thereon.

This principle was reaffirmed in Childers v. Henderson, 76 Texas,

664, 13 S. W., 481-482. Judge Henry, speaking for the court in discussing the question, said:

"The Constitution takes for granted that the protection from forced sale of the homestead 'of a family' will enure to the benefit of every surviving constituent of the family without express mention as is shown by its providing against its being partitioned contrary to the right of occupancy of the surviving husband, wife, and minor children without mention of creditors."

In the above case Chief Justice Stayton dissented, stating that it seemed contrary to the spirit as well as the letter of the law to exempt the adult heirs' portion of the homestead from sale for the ancestor's debts because the interest of the unmarried daughter was not subject to sale. The doctrine announced by the majority, however, has been continuously followed and reaffirmed in numerous cases, so that it may now be said to be the settled law of this state.

In Cameron v. Morris, 83 Texas, 14, 18 S. W., 422, it was decided that upon the death of the husband the surviving wife took the homestead free from community debts and that it remained free from such debts when at her death it descended and vested in her children. The holding was based upon the theory that since the wife took the estate free from liability for community debts, it was unconditionally and unalterably so protected and could not later be subjected to the husband's debts at her death. In other words, there vested in her children such a title to the property as she obtained, which was one not charged with liability for community debts.

In Zwernemann v. Von Rosenberg, 76 Texas, 522, 13 S. W., 485, the trial court adjudicated the rights of the parties in accord with the action of the lower court in this case. The conclusion was reached that the homestead was subject to sale for community debts, but that the purchaser thereunder should be postponed in his possession until the minors, who were entitled to occupy it during minority, had reached their majority. The Supreme Court, however, declined to accept this interpretation of the homestead provisions of the Constitution and statutes. Judge Gaines, in rendering the opinion for the court, held that upon the death of the parents, since there were constituent members of the family entitled to the use of the premises for a homestead, it descended and vested in all the heirs free from community debts.

The foregoing authorities firmly establish the principle that a homestead cannot be subjected to the payment of community debts when there remains any constituent member of a family, as designated by the Constitution and statutes of this state, to take and occupy it as such. Under such circumstances it descends and vests in all the heirs free from community debts, even though some of the heirs may be adults and not entitled to any homestead interest in the property.

The Court of Civil Appeals properly reformed the judgment of the trial court so as to deny plaintiff in error a foreclosure against any interest in this property for the debts of the father. It was also correct in decreeing foreclosure against the one-fourteenth interest inherited from his mother by T. L. McDaniel; for in this instance the judgment was rendered against him for his individual debt. Such judgment was properly abstracted and therefore a lien was created against his interest in the land.

The judgment of the Court of Civil Appeals is affirmed.

The foregoing opinion is adopted as the opinion of the Supreme Court, and judgment will be entered in accordance therewith.

C. M. CURETON, Chief Justice.