NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., Appellant,

v.

Judd M. OLSON, Individually and Independent Executor of the Estate of Steven M. Olson, Deceased, Appellee.

No. 03–95–00438–CV.

Court of Appeals of Texas, Austin.

April 3, 1996.

Rehearing Overruled May 15, 1996.

R. Scott Williams, Williams & Tinkham, Houston, for appellant.

Daniel H. Bryne, Ford & Ferraro, L.L.P., Austin, for appellee.

Before CARROLL, C.J., and ABOUSSIE and KIDD, JJ.

ABOUSSIE, Justice.

Appellee Judd M. Olson ("Olson"), in his capacity as independent executor of the estate of Steven M. Olson ("decedent"), filed this action for declaratory judgment seeking a declaration that National Union Fire Insurance Company of Pittsburgh, PA ("National Union") has no rights in the homestead property of the decedent or to any proceeds from its sale. National Union appeals the probate court's granting of summary judgment in favor of Olson, including the award of attorney's fees. We will affirm the probate court's judgment.

## THE CONTROVERSY

The decedent died testate on March 9, 1994, survived by Olson, his adult son. Pursuant to the terms of his father's will, Olson was named the independent executor of his father's estate and inherited the property that had been his father's homestead, located in Travis County, Texas. The decedent also was survived by a minor daughter, Stephanie Olson. Stephanie lived with her mother, the decedent's former wife, at the time of her father's death. Although Stephanie had not lived with her father since her parents' divorce in 1989, the decedent contributed to

Stephanie's emotional and financial support until his death.

The decedent's estate is insolvent. At the time of his death, the decedent was potentially indebted to National Union for over $750,000. Specifically, National Union holds two final judgments against the decedent and his estate which total more than $500,000. Another lawsuit seeking more than $250,000 in damages is currently pending. To secure payment of this debt, National Union tendered a claim to Olson, as independent executor of the decedent's estate, in which it requested a judgment lien against all of the decedent's non-exempt real estate located in Travis County. National Union contends the decedent's former homestead constitutes such non-exempt property. Olson disagrees and maintains instead that, because the decedent had a minor child at the time of his death, under Texas law, the homestead passed to Olson as devisee free and clear of National Union's claim. Olson filed suit for declaratory judgment, seeking to determine the status of the decedent's former homestead and any right National Union may have to the proceeds from its sale.[1] The probate court granted summary judgment in favor of Olson and awarded attorney's fees. National Union appeals.

## DISCUSSION

In its first point of error, National Union asserts that the probate court erred in declaring that the former homestead of the decedent retained its exempt character from debt upon his death due to the mere existence of his minor daughter, Stephanie, absent any use or occupancy of the property by her and absent any assertion by her guardian of the child's right to use and occupy the property.[2]

■ The standards for reviewing a motion for summary judgment are well established: (1) the movant for summary judgment has the burden of showing that no genuine issue

---

1. Olson filed this lawsuit on October 11, 1994. Olson subsequently sold the homestead on February 24, 1995 for approximately $208,000.

2. In its brief, National Union concedes that if Stephanie, through her guardian, had asserted her right to occupy the decedent's former homestead and had been allowed to occupy the same, the property would have remained exempt from the claims of the decedent's creditors, including National Union.

of material fact exists and that it is entitled to judgment as a matter of law; (2) in deciding whether there is a disputed material fact issue precluding summary judgment, evidence most favorable to the nonmovant will be taken as true; and (3) every reasonable inference must be indulged in favor of the nonmovant and any doubts resolved in its favor. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985).

Based on the Constitution, statutes, and case law of this state, it is well established that title to the homestead in an insolvent estate, where a constituent member of the family survives, descends to those entitled to inherit free from claims of creditors. Tex. Const. art. XVI, § 52; Tex.Prob.Code Ann. § 279 (West 1980); *Milner v. McDaniel*, 120 Tex. 160, 36 S.W.2d 992, 993 (1931); *Childers v. Henderson*, 76 Tex. 664, 13 S.W. 481, 482–483 (1890); *see also Ward v. Hinkle*, 117 Tex. 566, 8 S.W.2d 641, 642 (1928) (whether decedent dies testate or intestate has no effect on exempt status of homestead). The touchstone for determining whether the homestead property is exempt from satisfaction of the decedent's debts turns upon whether the decedent is survived by a spouse, minor child, or unmarried adult child residing with the family. Tex.Prob.Code Ann. § 279 (West 1980); *Thompson v. Kay*, 124 Tex. 252, 77 S.W.2d 201, 203 (1934); *Milner*, 36 S.W.2d at 993; *Cline v. Niblo*, 117 Tex. 474, 8 S.W.2d 633, 634 (1928); *Ward*, 8 S.W.2d at 642; *Zwernemann v. Von Rosenburg*, 76 Tex. 522, 13 S.W. 485, 488 (1890). If any such constituent member of the family survives, the heirs of the deceased owner take title to the homestead property unburdened by the claims of creditors of the decedent's estate except those specified by the Constitution and statute,[3] and subject only to the right of occupancy of a surviving constituent. *Thompson*, 77 S.W.2d at 203; *Milner*, 36 S.W.2d at 993; *Cline*, 8 S.W.2d at 634; *Ward*, 8 S.W.2d at 642; *Zwernemann*, 13 S.W. at 488. In contrast, where the decedent leaves no surviving spouse, minor child, or unmarried adult child residing with the family, the homestead property descends charged with the debts of the decedent. *Milner*, 36 S.W.2d at 993; *Givens v. Hudson*, 64 Tex. 471, 474 (1885).

In the instant cause, National Union argues that this well settled rule does not apply to the facts at hand, because the minor child, Stephanie, did not reside in the decedent's homestead at the time of his death and her guardian has not since asserted any claim to occupy the homestead on the child's behalf. Specifically, National Union urges this Court to condition the exempt nature of the decedent's former homestead upon Stephanie's actual occupancy of the homestead.

As a preliminary matter, there is no requirement that the minor child resided with the decedent in order to be considered a constituent family member for purposes of asserting a homestead claim. *Scripture v. Scripture*, 231 S.W. 826, 827 (Tex.Civ.App.—Dallas 1921, no writ). Nonetheless, Stephanie's right to assert a homestead claim should not be confused with Olson's right to receive the homestead free from the debts of his father. *See* 18 M.K. Woodward & Ernest F. Smith, III, Probate and Decedents' Estates §§ 862–867 (Texas Practice 1971 & Supp.1995); Leo Brewer, *Relative Rights of Heirs and Unsecured Creditors To A Decedent's Homestead in Texas*, 13 Tex.L.Rev. 423, 435 (1935).

The right to occupy the homestead upon the death of the decedent is distinct from the right to have the property descend free and clear of the debts of the decedent. With respect to the latter, the mere existence of a surviving spouse, minor child, or unmarried adult child remaining with the family is sufficient to cause the homestead to descend free of debt. *See Milner*, 36 S.W.2d at 993; Woodward, *supra* § 863; Leo Brewer, *supra* at 435. Thus, one who inherits the decedent's homestead property receives the property free from debts of the decedent even though the heir may have no immediate right of occupancy. Woodward, *supra* § 862.

---

**3.** Under the Texas Constitution and statutes, the homestead property is exempt from all creditor claims except purchase money liens, taxes due on the property, and mechanic's and materialman's liens. Tex. Const. art. XVI, § 50; Tex. Prob.Code Ann. § 270 (West 1980).

In the instant cause, the continued exempt nature of the homestead is ensured by the mere existence of the minor child Stephanie. Regardless of whether Stephanie's guardian chooses to assert Stephanie's right to occupy the homestead, or whether such application, if made, were granted, the homestead passes exempt from creditors like National Union. *See American Bonding Co. v. Logan,* 106 Tex. 306, 166 S.W. 1132, 1137–38 (1914) (holding that even though probate court had not set homestead aside for use of surviving constituent family members, proceeds from voluntary sale of properties remained free from any and all claims of decedent's creditors).

Because the existence of a surviving constituent family member is the determining factor, the status of the homestead is immediately ascertainable upon the death of the decedent. Thus, by definition, post-mortem events can have no effect on the exempt status of the property. *See Galloway v. Galloway,* 236 S.W.2d 832, 834 (Tex.Civ. App.—Dallas 1951, no writ). While the case law has not specifically addressed how the surviving family member's post-death occupancy of the homestead affects the exempt status of the property, courts have considered the effects of post-death voluntary sale and abandonment. In *Hoefling v. Hoefling,* 106 Tex. 350, 167 S.W. 210 (1914), the Texas Supreme Court was asked to decide whether the subsequent abandonment of the homestead by the decedent's widow entitled the creditors to attach the homestead for payment of the decedent's debts. The court held that the exempt status of the homestead is not affected by subsequent voluntary sale or abandonment of the homestead property. *Id.* 167 S.W. at 212. Once the homestead passes free of debt, it never becomes subject to the debt. We see no reason to distinguish the rule under these facts.

In support of its position, National Union cites *Cline v. Niblo,* wherein the court stated that the homestead was not subject to partition or division among the heirs so long as the occupancy rights of the unmarried daughter and the minor children *were asserted.* 8 S.W.2d at 634 (emphasis added). However, *Cline* and the instant cause address two different rights associated with homestead property: (1) the right to partition (restricted by the right to occupy) versus (2) the right to receive the property free and clear of the decedent's debts. The right to partition the homestead is dependent on the actual occupancy of the homestead by the surviving family member. So long as someone entitled to occupy the property asserts that right, the heirs cannot force a partition. However, the right to partition the homestead is not determinative of the right to have the homestead descend free of the debts of the decedent. Again, the former is dependent on occupancy by the surviving constituent family member while the latter is dependent entirely upon the existence of a surviving constituent family member.

In sum, there is no authority to support the conditioning of the exempt nature of the homestead on the surviving constituent family member's actual use of the property. The two rights are wholly independent. Therefore, in the instant cause, we conclude that Stephanie's mere existence, distinct and separate from any right of occupancy, caused the homestead to pass to Olson free of any claims by the creditors of his father's estate, including National Union. We overrule appellant's first point of error.

In its second point of error, National Union claims the probate court abused its discretion in awarding Olson attorney's fees. Tex.Civ.Prac. & Rem.Code Ann. § 37.009 (West 1986). The award of attorney's fees rests in the sound discretion of the trial court and will not be reversed on appeal without a clear showing of abuse of discretion. *Oake v. Collin County,* 692 S.W.2d 454, 455 (Tex. 1985); *West Texas Rehabilitation Ctr. v. Allen,* 810 S.W.2d 870, 874 (Tex.App.—Austin 1991, no writ). A trial court abuses its discretion only when it acts in an unreasonable and arbitrary manner, or when it acts without reference to any guiding principles. *Beaumont Bank, N.A. v. Buller,* 806 S.W.2d 223, 226 (Tex.1991); *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241–42 (Tex. 1985), *cert. denied,* 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986).

Here, National Union argues that it was the only creditor of the decedent's estate Olson chose to sue. Therefore, because National Union was singled out in this action, it was arbitrary and unreasonable to award Olson attorney's fees. Admittedly, National Union was the only party named by Olson in this action. However, there was no summary judgment evidence presented to show that any other creditor had made a claim against the decedent's estate demanding a right to the decedent's former homestead or to any proceeds from its sale. From the record before this court, appellant is the only known creditor to have made a claim against the estate and the only creditor with whom a justiciable controversy existed. *See Southwest Airlines Co. v. Texas High Speed Rail Auth.*, 863 S.W.2d 123, 125 (Tex.App.—Austin 1993, writ denied) (stating that actions for declaratory relief require existence of real controversy between parties that will be actually determined by judicial declaration). Based on these facts, we cannot say the probate court abused its discretion in awarding reasonable attorney's fees to Olson. We overrule appellant's second point of error.

## CONCLUSION

Having overruled both of appellant's points of error, we affirm the probate court's judgment.