In the ESTATE OF Farrell Jefferson CASIDA.

No. 09–99–133 CV.

Court of Appeals of Texas, Beaumont.

Submitted Feb. 7, 2000.

Decided March 23, 2000.

Richard O. Werlein, Magnolia, for appellant.

Milton E. Havlick, Jr., Klein & Havlick, Tomball, for appellee.

Before WALKER, C.J., BURGESS and STOVER, JJ.

## OPINION

RONALD L. WALKER, Chief Justice.

This is an appeal from an order of the trial court containing various rulings connected with the administration of the estate of the deceased, Farrell Jefferson Casida. Casida's wife, Annie Laurie Casida, predeceased him. In his will, the deceased named his step-daughter, Carolyn DuBois, as independent executrix of said estate. Thereafter, the decedent's son, Roy Steven Casida, filed a variety of instruments, including a will contest; complaint as to the inventory, appraisement and list of claims; application to set apart the decedent's homestead and exempt property; complaint demanding possession of estate property; and a motion to remove Carolyn as independent executrix and to appoint a successor. The trial court's final order from which this appeal originates approved the amended inventory, appraisement and list of claims ultimately filed by Carolyn, denied Roy's motion to remove Carolyn as independent executrix, denied Roy's application to set apart decedent's homestead and exempt property, and ordered Roy "and all other occupants" to vacate the house which was the subject of Roy's application for homestead status. On appeal, Roy raises seven points of error. With the exception of points 5 and 7, Roy's points of error complain in one way or another of the trial court's denial of his application to set apart the homestead, and his request for possession of said homestead so as to continue residing there.

■ The record before us reflects that the trial court heard evidence from only two witnesses, Carolyn and Roy. Roy testified that the home, located at 31927 Parkway Drive, Magnolia, Texas, was titled to the deceased and was the deceased's homestead, that Roy's mother predeceased his father, that he [Roy] lived at the house for the "last few years," and that under his father's will the only beneficiaries were himself and his half-sister, Carolyn. During her testimony, Carolyn admitted that at one time the decedent did indeed claim the Parkway Drive house as his homestead. However, the gist of Carolyn's testimony was an attempt to prove that the decedent had essentially abandoned the homestead for approximately the last ten years of his life.

■ It is well recognized that the party claiming a homestead exemption has the burden of establishing the homestead character of the property. *See Sanchez v. Telles*, 960 S.W.2d 762, 770 (Tex.App.—El Paso 1997, writ denied). The record reflects that the homestead status of the property was uncontested at least until the last ten years of the decedent's life. When homestead rights are once shown to exist in property, they are presumed to continue, and anyone asserting an abandonment has the burden of proving it by competent evidence. *Sullivan v. Barnett*, 471 S.W.2d 39, 43 (Tex.1971). The party claiming abandonment must plead it and carry the burden of proving it. *Id.* Said burden is a heavy one, *viz:*

> This Court recently stated that "... beginning as early as 1857, in an opinion by Chief Justice Hemphill in *Gouhenant v. Cockrell*, 20 Tex. 96 [(1857)], our courts have held that 'it must be undeniably clear and beyond almost the shadow, at least (of) all reasonable ground of dispute, that there has been a total abandonment with an intention not to return and claim the exemption.'" *Burkhardt v. Lieberman*, 138 Tex. 409, 159 S.W.2d 847, 852 [(1942)].

*Rancho Oil Co. v. Powell,* 142 Tex. 63, 175 S.W.2d 960, 963 (Tex.1943). *See also Womack v. Redden,* 846 S.W.2d 5, 7 (Tex. App.—Texarkana 1992, writ denied).

While the evidence did establish the decedent lived at various locales in the State of Arizona for about the last ten years of his life, the evidence also indicated that the decedent traveled a great deal. Furthermore, the decedent did return "home" anywhere from two to four times a year until his death. While testimony indicated that decedent died in Arizona, there was no evidence that he had ever bought any real property in Arizona nor any evidence that he had purchased a house there. There was also no indication that the decedent had ever removed any furnishings from the Parkway Drive house to Arizona. At any rate, the independent executrix did not file any pleadings claiming abandonment.

■ This case was tried to the court. No findings of fact were filed, therefore the judgment of the trial court implies all necessary findings of fact in support of it. *Pharo v. Chambers County, Tex.,* 922 S.W.2d 945, 948 (Tex.1996). Nevertheless, there must be some evidence in the record to support even implied findings that there was a "total abandonment with an intention not to return and claim the exemption" on the part of the decedent. *See Womack v. Redden,* 846 S.W.2d at 7. From the testimony before us we find that the trial court abused its discretion in its implied finding that Carolyn met her burden of proving abandonment. Carolyn's own testimony is not "clear, conclusive and undeniable" that the decedent did indeed totally abandon the homestead with no intention of ever returning. *See Taylor v. Mosty Bros. Nursery, Inc.,* 777 S.W.2d 568, 569 (Tex.App.—San Antonio 1989, no writ). "The acquiring of a new home is not always the acquiring of a new homestead, and one does not necessarily abandon a homestead by merely moving his home." *Rancho Oil Co.,* 175 S.W.2d at 963.

■ We now turn to the propriety of recognizing the Parkway Drive property as an exempt homestead of the decedent and not merely a general asset of the estate, and the propriety of Roy's continued occupancy of the homestead. The mere existence of an unmarried adult child remaining with the family is sufficient to cause the homestead to descend free from the claims of creditors. *National Union Fire Ins. Co. of Pittsburgh, Pa. v. Olson,* 920 S.W.2d 458, 461 (Tex.App.—Austin 1996, no writ). We expand on this longstanding holding by providing the following discussion taken from *Milner v. McDaniel,* 120 Tex. 160, 36 S.W.2d 992, 993–94 (1931):

It has often been determined by the Supreme Court of this state that, upon the death of an owner using and occupying property as a homestead, when there remains a constituent member of the family (wife, husband, minor child, or unmarried daughter), the title passes to all of the heirs and is subject only to the right of use by those entitled to occupy it as a homestead; the estate thus taken by the heirs to the property is unburdened by the claims of creditors of the community estate. *Childers v. Henderson,* 76 Tex. 664, 13 S.W. 481 [(1890)]; *Cameron v. Morris,* 83 Tex. 14, 18 S.W. 422 [(1892)]; *Zwernemann v. Von Rosenburg,* 76 Tex. 522, 13 S.W. 485 [(1890)]; *Lacy v. Lockett,* 82 Tex. 190, 17 S.W. 916, 918 [(1891)]; *Roots v. Robertson,* 93 Tex. 365, 55 S.W. 308 [(1900)].

. . . .

The foregoing authorities firmly establish the principle that a homestead cannot be subjected to the payment of community debts when there remains any constituent member of a family, as designated by the Constitution and statutes of this state, to take and occupy it as such. Under such circumstances it descends and vests in all the heirs free from community debts, even though some of the heirs may be adults and not

entitled to any homestead interest in the property.

█ In the instant case, the right to have the property descend free and clear of the debts of the decedent because of its status as exempt homestead property only answers one prong of what Roy, and indeed all of the participants in this case, see as the interrelated issue of his "right" to continue to reside on the homestead property. As the Court in *National Union Fire Ins. Co.* pointed out, these are two distinct issues. *Id.* at 461. The most succinct explanation is to be found in the following taken from 18 M.K. Woodward & Ernest F. Smith, III, Texas Practice: Probate and Decedents' Estates § 868 (1971):

That portion of Section 271 of the Probate Code which authorizes the setting apart of the homestead for an adult unmarried daughter [1] has been held unconstitutional to the extent that such setting apart would defeat the claims of the heirs. In so holding, the courts have relied upon the fact that the adult unmarried daughter is not one of the persons listed in Article 16, Section 52 of the Constitution as entitled to claim a homestead after the death of the owner. From this, the courts have reasoned that the legislature is as powerless to enlarge this category as it is to reduce it. Thus the existence of an adult unmarried daughter will not prevent a partition by the heirs or devisees and, indeed, she cannot continue occupying the homestead over their objection.

Oddly enough, however, the existence of an adult unmarried daughter, as in the case of a surviving wife or minor child, will cause the land to descend free of debts. The result is ironical, not to say irrational. As one authority has pointed out:

The sole purpose of the legislature was to shelter and protect this adult unmarried daughter in her parents' home, safe from dispossession by ei-

ther creditor or heir. This legislative purpose proved abortive because it violated the constitution. . . . Yet these same statutes, though wholly thwarted of their purpose so far as concerns the adult unmarried daughter, are held still to endow her with such potency that her sole existence on the homestead is sufficient to cleave the homestead from her parents' creditors and deliver it free and clear to all of the heirs. The irony is that she cannot claim the right to remain on it even after she alone has thus ransomed it. Still more ironical, she has to be on the homestead in order to rout the creditors, and then she cannot stay on it.

[footnotes to citations omitted]

█ While the cases cited in the foregoing excerpt are quite old they have yet to be overruled or significantly modified on this issue. Applying the state of the law to the facts before us, while Roy's status as unmarried adult child living with the decedent on the homestead permits the homestead to descend to the devisees free and clear from debts of the decedent under the provisions of § 271 of the Probate Code, it does not provide Roy the right to reside on the homestead if Carolyn, in her capacity as devisee, objects and moves to partition the homestead in order to obtain her share per the terms of the decedent's will. *See Thompson v. Kay,* 124 Tex. 252, 77 S.W.2d 201, 214–15 (1934); *National Union Fire Ins. Co.,* 920 S.W.2d at 461–62. We therefore sustain Roy's points of error three and four, *only* to the extent that they complain of trial court error in failing to recognize the homestead character of the property at 31927 Parkway Drive, Magnolia, Texas, and the fact that said property should be set aside as exempt in accordance with § 271 of the Probate Code. *See* Tex. Prob.Code Ann. § 271 (Vernon Supp.2000). We overrule

---

1. A subsequent amendment to § 271 has extended the rights conferred upon the adult unmarried daughter to all adult children remaining with the family of the deceased.

points of error one, two, three, four, and six as far as Roy's occupancy of the homestead is concerned, as well as overrule any complaints of alleged procedural irregularities in that trial counsel for Roy either explicitly agreed to the procedure used by the trial court in conducting the hearing or voiced no objection. *See* TEX.R.APP. P. 33.1(a).

With regard to point of error five's complaint as to the trial court's adjustment and approval of the amended inventory, appraisement and claims of the estate, we feel that, based upon our holding regarding the need to set aside as exempt property the Parkway Drive property in question, justice would be better served by remanding the entire issue of inventory, appraisement, and claims back to the trial court for a new hearing on this issue alone.

■ Point of error seven alleges trial court error in failing to remove Carolyn as independent executrix. Under the provisions of TEX. PROB.CODE ANN. § 149C(a) (Vernon Supp.2000), an independent executrix may be removed when: (1) she fails to timely file an inventory of the property of the estate and list of claims that have come to her knowledge; (2) sufficient grounds appear to support the belief that she has misapplied or embezzled, or that she is about to misapply or embezzle, all or any part of the property in her care; (3) she fails to make an accounting which is required by law to be made; (4) she fails to timely file the notice required by Section 128A of the Probate Code; (5) she is proved to have been guilty of gross misconduct or gross mismanagement in the performance of her duties; or (6) she becomes legally incapacitated from properly performing her fiduciary duties.

■ "Gross misconduct" and "gross mismanagement" include at a minimum: (1) any willful omission to perform a legal duty; (2) any intentional commission of a wrongful act; and (3) any breach of a fiduciary duty that results in actual harm to a beneficiary's interests. *Sammons v.*

*Elder*, 940 S.W.2d 276, 283 (Tex.App.— Waco 1997, writ denied). In the instant case, Roy had the burden to establish a violation of § 149C. *Id.* To prevail on appeal, Roy must demonstrate that he conclusively proved his case or that the trial court's failure to find for him on any of the grounds is so against the great weight and preponderance of the evidence to be unjust. *Id.* Although Roy made several allegations of misconduct and conflict of interest against Carolyn as independent executrix, he failed to prove she willfully omitted to perform a legal duty, intentionally committed a wrong act, or breached a fiduciary duty. *Id.* The trial court's implied finding of no gross misconduct or gross mismanagement on Carolyn's part is not so against the great weight and preponderance of the evidence so as to be wrong and unjust. Furthermore, the six grounds for removal alleged by Roy, as set out in his brief, appear to amount to little more than disagreement over the value of rights to and status of property of the estate. The trial court held an evidentiary hearing on the propriety of Carolyn's amended inventory and approved said inventory. Although the approval of an inventory and appraisement is not conclusive of the title to the property therein listed or omitted, it is prima facie evidence of that fact. *Krueger v. Williams*, 163 Tex. 545, 359 S.W.2d 48, 50 (1962). Nothing in the record before us indicates the trial court abused its discretion in failing to remove Carolyn as independent executrix. Roy contends in his brief that the evidence on Carolyn's removal was "undisputed." This is simply not true. While the trial court initially ruled from the bench that it was assuming Roy's argument to be true, the trial court went on to say:

> So, it is my understanding that mismanagement and embezzlement all includes some element of subterfuge and dishonesty; and there is none of that here. Everything is a legal dispute among these parties; and if I were to remove

her and to name Mr. Casida, we'd have the same argument from the other side. The trial court's comments are supported by the evidence adduced during the hearing. Other than the possible lack of timeliness of returning the inventory and list of claims, the record does not contain evidence that Carolyn "misapplied or embezzled, or that [s]he [wa]s about to misapply or embezzle, all or any part of the property committed to h[er] care;" or that she was guilty of "gross misconduct or gross mismanagement" in the performance of her duties. *See* § 149C(a). Point of error seven is overruled.

We affirm the order of the trial court in part, and reverse said order in part and remand this cause to the trial court for further proceedings consistent with our holdings that, (1) the property located at 31927 Parkway Drive, Magnolia, Texas is to be set aside as exempt property of the decedent's estate; (2) Roy has no right to continue to occupy, or resume occupation of, the house at 31927 Parkway Drive; and (3) a new hearing on inventory and appraisement must be conducted in light of the property at 31927 Parkway Drive being found to be exempt property of the estate.

AFFIRMED IN PART; REVERSED IN PART AND REMANDED.