TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-00-00411-CV






Scott Edward Parker and Elaine Badouh Hale, Appellants



v.




Robert H. Gates, Dependent Administrator of the Estate of Rubylien Barber Badouh,


Deceased; Edward Badouh, Jr., Individually and As Next Friend of Edward


Badouh, III, a Minor; and Charles B. Gorham, Appellees







FROM THE COUNTY COURT AT LAW OF COMAL COUNTY,


NO. 96PC-234, HONORABLE CLAUDE D. DAVIS, JUDGE PRESIDING







 Robert H. Gates, dependent administrator of the estate of Rubylien Barber Badouh
(Badouh or decedent), sought a temporary injunction from the trial court to enjoin appellant Elaine
Badouh Hale (Hale) from continuing to occupy property that had been devised to her by her
mother, the decedent. Gates further requested that the trial court grant him authority to sell the
property along with certain mineral interests of the decedent's estate to pay estate debts and
expenses.(1) The trial court granted the temporary injunction and the authority to sell the estate
assets. Appellants Hale and her son, Scott Edward Parker, (collectively appellants) appeal the trial
court's orders, arguing that (1) the house should be set aside as homestead property; (2) the trial
court abused its discretion in granting the temporary injunction; (3) the trial court abused its
discretion in granting the authority to sell the "homestead" property; and (4) the trial court was
without jurisdiction to authorize the sale of mineral interests located outside the State of Texas. 
We affirm the trial court's orders.


BACKGROUND


 On August 18, 1996, Rubylien Barber Badouh died, leaving a valid will and codicil. 
The will was filed for probate on August 23, 1996 and bequeathed Badouh's home in New
Braunfels to her adult, unmarried daughter, Hale. On January 30, 1997, a dependent
administration was established for Badouh's estate, and Gates was named dependent administrator. 
Prior to that, on January 28, Hale filed a disclaimer, attempting to disclaim her entire interest in
the estate. On motion for summary judgment, the trial court determined that Hale's disclaimer
was invalid and ineffective because before filing the disclaimer, she had executed a deed of trust
and a real estate lien note for $100,000 in favor of Charles Gorham on her interest in the property. 
Thus, the trial court found that Hale had exercised dominion and control over the property and
could no longer disclaim it. On appeal, this Court reversed the trial court's ruling,(2) but on
January 27, 2000, the supreme court agreed with the trial court's determination that Hale's
disclaimer was invalid. Badouh v. Hale, 22 S.W.3d 392 (Tex. 2000).

 Subsequently, in February 2000, Hale moved into the house and began repairing
it. Upon noticing Hale's occupancy of the house and the improvements made, Gates attempted
to notify Hale that her continued occupancy of the house was unauthorized and to request that she
vacate it immediately. However, the notice was returned unopened, and Hale continued to occupy
the house.

 Acting on behalf of the estate, Gates then sought a temporary injunction against
Hale's occupancy of the house. At the hearing on the temporary injunction, Gates also requested
authority to sell the house(3) along with certain mineral interests of the estate to pay estate debts and
expenses and to satisfy lien claims. At the hearing, Hale argued that she was entitled to claim the
house as her homestead, subjecting it to a homestead exemption. Appellants also argued that the
court was without jurisdiction to authorize the sale of mineral interests located outside the State
of Texas. The trial court granted the temporary injunction and the request to sell the house and
the mineral interests. By four points of error, appellants challenge the trial court's orders.


DISCUSSION

 Appellants' first two points of error challenge the trial court's refusal to
characterize the house as a homestead. Having mischaracterized the property, appellants argue,
the trial court abused its discretion in enjoining Hale from continuing to reside in the "homestead."

 The purpose of a temporary injunction is to preserve the status quo pending a trial
on the merits. Transport Co. of Tex. v. Robertson Transps., Inc., 261 S.W.2d 549, 552 (Tex.
1953). The decision to grant or deny the injunctive relief lies within the sound discretion of the
court, and we will not reverse that decision absent a clear abuse of discretion. Id. On appeal, we
view the evidence in the light most favorable to the trial court's order, indulging every reasonable
inference in its favor, and determine whether the order was so arbitrary as to exceed the bounds
of reasonable discretion. Universal Health Servs., Inc. v. Thompson, 24 S.W.3d 570, 576 (Tex.
App.--Austin 2000, no pet.).

 We begin by noting that Hale did not file and we are not called upon to review an
application to set apart the decedent's homestead as exempt property. Thus, the issue before us
is not whether the trial court erred in refusing to grant the property homestead status. Rather, our
review is confined to the validity of the order that grants the injunctive relief. Id. However,
because appellants' position at the temporary injunction hearing and on appeal depends upon the
validity of Hale's claim to a homestead exemption, we first address the propriety of this claim.

 A party claiming a homestead exemption has the burden of proving the homestead
character of the property. In re Estate of Casida, 13 S.W.3d 519, 521 (Tex. App.--Beaumont
2000, no pet.); Sanchez v. Telles, 960 S.W.2d 762, 770 (Tex. App.--El Paso 1997, pet. denied). 
Texas law recognizes two forms of homestead protection: (1) the right to occupy the homestead
upon the death of the decedent and (2) the right to have the property descend free and clear of the
debts of the decedent. See National Union Fire Ins. Co. v. Olson, 920 S.W.2d 458, 461 (Tex.
App.--Austin 1996, no writ). When asserting either of these rights, the threshold inquiry must
focus on the existence of a surviving constituent family member--a spouse, minor child, or
unmarried adult child residing with the family. See id. The status of the homestead is established
immediately upon the death of the decedent, without regard to any post-mortem events. Id. at
462. If any such constituent family member survives, devisees take title to the homestead property
"unburdened by the claims of creditors of the decedent's estate except those specified by the
Constitution and statute, and subject only to the right of occupancy of a surviving constituent." 
Id. at 461. In contrast, if the decedent leaves no surviving spouse, minor child, or unmarried child
residing with the family, the homestead property descends unburdened by any right to occupancy
and charged with the debts of the decedent. Id.

 Here, Hale claims she is entitled to homestead protection because she is an
unmarried adult child who resided with the family.(4) Because the record before us does not include
specific findings of fact and conclusions of law, we will uphold the trial court's judgment on any
legal theory supported by the record, indulging all reasonable presumptions in favor of there
having been sufficient evidence to sustain the trial court's order. Martin v. Linen Sys. for Hosps.,
Inc., 671 S.W.2d 706, 708-09 (Tex. App.--Houston [1st Dist.] 1984, no writ). Hale testified that
she resided with her parents on several occasions prior to the decedent's death. However, she also
testified as follows: beginning in 1992, she had been residing in Houston; she maintained a
business in Houston; a year prior to the decedent's death, she spent four or five days at the house
caring for her mother but continued to lease an apartment and run her business in Houston; once
a guardian was appointed for the decedent, Hale visited the decedent for a day or two every week;
and towards the end of the decedent's life, Hale stayed with the decedent more regularly whenever
she was in need of attention. Although the trial court was presented with conflicting evidence, we
cannot reverse a trial court's order if the record includes evidence that reasonably supports the trial
court's decision. Thompson, 24 S.W.3d at 576. Viewing the evidence in the light most favorable
to the trial court's order, as we must, we hold the trial court was presented with sufficient
evidence to conclude that Hale was not residing with the family at the time of the decedent's death. 
Thus, the court's refusal to recognize Hale's claim to a homestead exemption and corresponding
right to occupy the house did not amount to an abuse of discretion. Appellants' first point of error
is overruled.

 In their second point of error, appellants argue that Gates failed to prove that the
estate would suffer immediate and irreparable harm without the injunctive relief. They further
contend that Gates did not establish that no adequate remedy at law was available absent the
injunctive relief.

 A party requesting a temporary injunction has the burden of establishing a probable
right of recovery following a trial on the merits and a probable injury in the interim. Walling v.
Metcalfe, 863 S.W.2d 56, 57 (Tex. 1993). Irreparable harm is an element of probable injury. 
Surko Enter., Inc. v. Borg-Warner Acceptance Corp., 782 S.W.2d 223, 225 (Tex. App.--Houston
[1st Dist.] 1989, no writ) (probable injury includes elements of imminent harm, irreparable injury,
and no adequate remedy at law). Probable injury is one for which there can be no real legal
measure of damages or none that can be determined with a sufficient degree of certainty. 
Thompson, 24 S.W.3d at 577. An adequate remedy at law is one that is as complete, practical,
and efficient to the prompt administration of justice as is equitable relief. Id.

 In the trial court's order, the trial court found that the elements of probable injury
and irreparable harm were present. The trial court further found that the estate did not have an
adequate remedy at law to prevent the irreparable harm. If Hale were allowed to continue to
occupy the house, her occupancy would impede and disrupt any attempts to sell the house and
would likely reduce the value from any such sale. Moreover, the temporary injunction contributes
to the prompt administration of the estate. See Dodson v. Seymour, 664 S.W.2d 158, 162 (Tex.
App.--San Antonio 1983, no writ) (citing Lucik v. Taylor, 596 S.W.2d 514 (Tex. 1980)). We
hold the trial court did not abuse its broad discretion in granting the temporary injunction and
overrule appellants' second point of error.

 In their third point of error, appellants complain that the trial court erred in granting
Gates the authority to sell the house. Again, appellants predicate this argument on the validity of
their homestead exemption claim and the corresponding right to have the property descend free
and clear of the debts of the decedent. Having determined that the trial court did not abuse its
discretion in refusing to recognize appellants' homestead exemption claim, we hold the trial court
was cloaked with the discretion to determine whether assets of the estate should be sold to satisfy
estate debts. See Tex. Prob. Code Ann. § 338 (West 1980), § 341 (West Supp. 2000). Appellants
point to nothing in the record, other than their claimed entitlement to a homestead exemption,
revealing an abuse of discretion by the trial court. Accordingly, we overrule appellants' third
point of error.

 By their fourth point of error, appellants contend that the trial court abused its
discretion by granting the estate the authority to sell the mineral interests, some of which are
located outside the State of Texas. According to appellants, the trial court was without jurisdiction
to order the sale of property located in another state. We disagree.

 Statutory county courts have jurisdiction over all matters relating to the settlement,
partition, and distribution of estates of deceased persons. Id. §§ 5(e), 5A(a) (West Supp. 2000). 
Once the county court at law obtained jurisdiction over Badouh's will, it obtained exclusive
jurisdiction over the entire proceeding. See Graham v. Graham, 733 S.W.2d 374, 378 (Tex.
App.--Amarillo 1987, writ ref'd n.r.e.). Appellants point to nothing in the record demonstrating
that the court released its jurisdiction over the mineral interests or that another state acquired
dominant jurisdiction. See Smith v. Lanier, 998 S.W.2d 324, 332-33, 335-36 (Tex. App.--Austin
1999, pet. denied). Thus, we overrule appellants' final point of error.


CONCLUSION

 Having overruled all of appellants' points of error, we affirm the orders of the trial
court.



 

 Jan P. Patterson, Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Patterson

Affirmed

Filed: December 21, 2000

Do Not Publish


1. The application for temporary injunction and the application for sale of the mineral interests
were filed by Gates. In applying for the sale of the house, Gates was joined by co-appellees
Charles B. Gorham and Edward Badouh, Jr., individually and as next friend of Edward Badouh,
III, a minor. The trial court issued two orders: one granting the temporary injunction and one
authorizing the sale of both the house and the mineral interests. Appellants bring this consolidated
appeal for review of both orders granting all three applications. We will refer to appellees
collectively as "appellees" in addressing those issues affecting all three appellees. We will refer
to Gates in addressing those issues that affect only Gates.
2. Hale v. Badouh, 975 S.W.2d 419 (Tex. App.--Austin 1998), aff'd in part and rev'd in part,
22 S.W.3d 392 (Tex. 2000).
3. Gorham and Badouh, Jr. joined in the application to sell the real property because both are
creditors to whom Hale is indebted and both have valid liens against the house securing the debt.
4. Appellants also claim that Hale is entitled to homestead protection because Gates failed to
meet his burden to prove that Hale abandoned the property. While we agree that a party asserting
abandonment carries a heavy burden in proving it, In re Estate of Casida, 13 S.W.3d 519, 521
(Tex. App.--Beaumont 2000, no pet.), in this case, the trial court's order does not reflect that the
trial court considered evidence of abandonment in deciding that Hale was not entitled to claim the
house as her homestead. Hence, we need not review the sufficiency of the evidence supporting
a claim of abandonment.


rm. If Hale were allowed to continue to
occupy the house, her occupancy would impede and disrupt any attempts to sell the house and
would likely reduce the value from any such sale. Moreover, the temporary injunction contributes
to the prompt administration of the estate. See Dodson v. Seymour, 664 S.W.2d 158, 162 (Tex.
App.--San Antonio 1983, no writ) (citing Lucik v. Taylor, 596 S.W.2d 514 (Tex. 1980)). We
hold the trial court did not abuse its broad discretion in granting the temporary injunction and
overrule appellants' second point of error.

 In their third point of error, appellants complain that the trial court erred in granting
Gates the authority to sell the house. Again, appellants predicate this argument on the validity of
their homestead exemption claim and the corresponding right to have the property descend free
and clear of the debts of the decedent. Having determined that the trial court did not abuse its
discretion in refusing to recognize appellants' homestead exemption claim, we hold the trial court
was cloaked with the discretion to determine whether assets of the estate should be sold to satisfy
estate debts. See Tex. Prob. Code Ann. § 338 (West 1980), § 341 (West Supp. 2000). Appellants
point to nothing in the record, other than their claimed entitlement to a homestead exemption,
revealing an abuse of discretion by the trial court. Accordingly, we overrule appellants' third
point of error.

 By their fourth point of error, appellants contend that the trial court abused its
discretion by granting the estate the authority to sell the mineral interests, some of which are
located outside the State of Texas. According to appellants, the trial court was without jurisdiction
to order the sale of property located in another state. We disagree.

 Statutory county courts have jurisdiction over all matters relating to the settlement,
partition, and distribution of estates of deceased persons. Id. §§ 5(e), 5A(a) (West Supp. 2000). 
Once the county court at law obtained jurisdiction over Badouh's will, it obtained exclusive
jurisdiction over the entire proceeding. See Graham v. Graham, 733 S.W.2d 374, 378 (Tex.
App.--Amarillo 1987, writ ref'd n.r.e.). Appellants point to nothing in the record demonstrating
that the court released its jurisdiction over the mineral interests or that another state acquired
dominant jurisdiction. See Smith v. Lanier, 998 S.W.2d 324, 332-33, 335-36 (Tex. App.--Austin
1999, pet. denied). Thus, we overrule appellants' final point of error.


CONCLUSION

 Having overruled all of appellants' points of error, we affirm the orders of the trial
court.



 

 Jan P. Patterson, Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Patterson

Affirmed

Filed: December 21, 2000

Do Not Publish


1. The application for temporary injunction and the application for sale of the mineral interests
were filed by Gates. I