**Reversed and Remanded and Memorandum Opinion filed November 4, 2014.**



In The

# Fourteenth Court of Appeals

## NO. 14-13-00659-CV

### IN THE GUARDIANSHIP OF BRANDY N. HOLLIS, AN INCAPACITATED PERSON

**On Appeal from the County Court at Law No. 2
Montgomery County, Texas
Trial Court Cause No. 07-24438-P**

## M E M O R A N D U M   O P I N I O N

Brandy Hollis is the beneficiary of a special needs trust funded by the proceeds of a settlement from an automobile accident. Appellant Compass Bank, the trustee, authorized an expenditure of over $67,000 for construction of a pool at Brandy's home for recreational and therapeutic purposes. In two show cause hearings, the trial court questioned the use of trust funds to improve property owned by Brandy's parents. The trial court ultimately removed Compass Bank for gross mismanagement and denied its application for compensation. Compass Bank appeals from this order and challenges its removal in a single issue. We reverse and remand.

## FACTUAL AND PROCEDURAL BACKGROUND

In July 2007, Brandy Hollis was rendered incapacitated as a result of serious injuries sustained in an automobile accident. Brandy's mother, June Hollis, was appointed guardian of Brandy's person and estate. In 2009, June Hollis applied to the trial court to create a special needs trust for Brandy's benefit, to be funded with the settlement of a personal injury claim arising out of the accident.[1] The trial court approved the trust, titled the "Brandy Hollis 867 Special Needs Trust," and appointed Compass Bank to serve as trustee.

In March 2012, Compass Bank filed its Third Annual Account of the trust for the trial court's approval. The summary of receipts and disbursements for the 2011 calendar year included a disbursement of $67,526.00 for construction of a swimming pool. The filing also reflected that, as of December 31, 2011, the trust account had assets on deposit totaling $1,925,937.85.

The trial court, on its own motion, held a show cause hearing in which the court expressed concern that the pool was built on Brandy's parents' property with Brandy's trust money. Virginia Simons, a vice-president of Compass Bank and the administrator of the trust, explained that Brandy's physical condition was improving, Brandy's parents had requested the pool for her to use for therapy and socialization, and a bank committee had approved the request. The trial court, however, believed that the use of trust funds to make a capital improvement to property that Brandy did not own was inappropriate. The trial court instructed Compass Bank to propose a legal solution that would provide Brandy "some type of equitable interest on the capital improvement she paid for" without disqualifying

---

[1] Pi-Yi Mayo, an attorney and one of Compass Bank's experts, testified that the purpose of the special needs trust was to maintain Brandy's eligibility for certain federal benefits in order to assist in paying for her medical care. He explained that, for the beneficiary to remain eligible for federal benefits, a special needs trust is not allowed to make expenditures for food or shelter.

her from receiving federal benefits.

In response to the trial court's directive, Compass Bank prepared and filed a Deed of Trust obligating Brandy's parents to pay Brandy $67,526.00 on the earlier of (1) the sale or refinancing of their property, or (2) any other transfer of all or any portion of their property without Brandy's prior written consent. The trial court subsequently approved the Third Annual Account.

In January 2013, Compass Bank filed a Fourth Annual Account reflecting trust assets totaling $2,108,196.49 as of December 31, 2012. Disbursements listed include attorney's fees of $23,125.18 to Compass Bank's counsel, Crain Caton & James. The trial court issued another show cause order, ordering Compass Bank to "appear and show cause why it should not be removed for misapplication of trust property, failure to obey court orders, gross mismanagement or gross misconduct in the performance of the duties of Trustee."

At the start of the show cause hearing, the trial judge explained that she was concerned about Compass Bank's request for over $23,000 in attorney's fees. She characterized the fees as "the bank's attorney fees for inappropriately spending [Brandy's] money to put a pool on someone else's property that then they turned around and charged her for their wrongful acts."[2] To address the trial judge's concerns, Compass Bank presented several witnesses, including Pi-Yi Mayo, a board-certified attorney who drafted the trust, Simons, and Compass Bank's counsel.

Mayo testified that a pool for a disabled person is a standard expense incurred by a trust when there is enough money to provide for one. Mayo had

---

[2] The trial court also expressed concern about other disbursements of trust funds made by the trustee, including expenditures for pool-related expenses, a Hawaiian vacation, payments to caregivers, and certain credit-card debts. Because the order Compass Bank appeals from does not mention these other expenditures, however, we do not address them further.

3

never seen a deed or deed of trust issued in a case in which a pool was built on the parents' property, and he did not think a deed of trust was necessary. He also testified that he saw nothing in Compass Bank's accounting that would indicate that the bank violated the terms of the trust.

Simons testified that the trust was increasing at an average rate of ten percent per year since inception and that the trust's performance more than paid for the pool. She also testified that, before using trust funds to purchase the pool, she consulted with Mayo and another attorney, and that Compass Bank, rather than the trust, paid for the second opinion. She stated that the bank also "took into consideration the need for the pool, the doctor's recommendation, Brandy's health[,] and the care that she needed." Simon also explained that she obtained approval for the expenditure from a committee of the bank's senior trust officers.

Compass Bank's counsel acknowledged that "a lot" of the attorney's fees related to trying to satisfy the trial court's concerns regarding the use of trust funds for the pool. In counsel's opinion, under the trust and the applicable code provisions, Compass Bank had the right to hire counsel and pay their fees from the trust to defend a show cause order if it resulted in a solution that was beneficial to the ward. She also opined that, based on her reading of the trust document and her years of experience with special needs trusts, the expenditure for a pool would not be disapproved by a court, and that Compass Bank was not guilty of gross mismanagement. The trial court did not make any ruling at the conclusion of the hearing.

On June 11, 2013, the trial court signed an "Order Removing Trustee" in which the court found that Compass Bank had committed gross mismanagement in the performance of its duties as trustee. The order recited that "upon filing of the Trustee's prior accounting[,] this court was forced to show cause the Trustee,

because the Trustee allowed for approximately sixty thousand dollars of Brandy N Hollis' funds to be used as a capital investment in real estate in which the Trustee had taken no steps to secure Brandy N Hollis an interest." After stating that the trustee "was successful" in resolving this matter, the court's order explained the reason for the second show cause order as follows:

> The accounting which is presently before the Court and is the subject of the present show cause hearing, contains approximately twenty thousand dollars in attorney fees related to attending a couple of brief show cause hearings related to the initial capital investment [of trust funds for the pool on Brandy's parents' property]. The Trustee represents that since it wasn't removed at the prior hearing it is entitled to have used Brandy N Hollis' funds for payments of its attorneys' fees in the prior proceedings. This Court disagrees. The show cause hearings would not have been necessary had it not been for the Trustee[']s omission. The Court cannot in good conscience now approve Brandy N Hollis' payment of the Trustee's attorney fees which would not have been necessary had the Trustee acted adequately to begin with. Brandy N Hollis should not have to pay for the Trustee's mistake.

As a consequence, the trial court denied Compass Bank's application for compensation for 2012, disapproved the Fourth Annual Account, removed Compass Bank as trustee, appointed a substitute trustee, and ordered Compass Bank to deliver all of the remaining trust assets to the substitute trustee.

Compass Bank moved to suspend enforcement of the judgment or, alternatively, to set the amount of a supersedeas bond pursuant to Texas Rule of Appellate Procedure 24.2(a)(3). A supersedeas bond in the amount of $2.5 million dollars was subsequently approved by the county clerk. Compass Bank also timely filed requests for findings of fact and conclusions of law, as well as past due notices, but no findings and conclusions were filed. This appeal followed.

## ANALYSIS OF COMPASS BANK'S ISSUE

In one issue, Compass Bank argues that the trial court abused its discretion by removing it as trustee of Brandy's special needs trust. According to Compass Bank, it properly administered the trust and its expenditures were made after seeking expert advice, advice of counsel, doctor's recommendations, and approval from committee meetings. Therefore, Compass Bank maintains that its actions could never approach gross mismanagement, or even basic negligence.

We review the trial court's removal of Compass Bank as trustee for abuse of discretion. *See Conte v. Ditta*, 312 S.W.3d 951, 956 (Tex. App.—Houston [1st Dist.] 2010, no pet.). A trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law or if it clearly fails to correctly analyze or apply the law. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992).

The special needs trust at issue provides that the trial court may remove a trustee on its own motion, or on the complaint of any interested person, on several grounds. One of these provides for removal when "[t]he Trustee is proved to have been guilty of gross misconduct or mismanagement in the performance of the duties of Trustee." In the context of a trial court's removal of an independent executor under the Probate Code, the Supreme Court of Texas has explained that "gross" misconduct or mismanagement requires more than "ordinary misconduct and ordinary mismanagement" for removal and "implies serious and willful wrongdoing." *Kappus v. Kappus*, 284 S.W.3d 831, 836–37 (Tex. 2009) (noting that "gross" is defined as "glaringly obvious" and "flagrant"). Similarly, other courts have held that gross mismanagement or gross misconduct justifying removal includes at a minimum: (1) any willful omission to perform a legal duty; (2) any intentional commission of a wrongful act; and (3) any breach of a fiduciary duty

6

that results in actual harm to a beneficiary's interest. *See, e.g.*, *In re Guardianship of Finley*, 220 S.W.3d 608, 619 (Tex. App.—Texarkana 2007, no pet.); *In re Estate of Casida*, 13 S.W.3d 519, 524 (Tex. App.—Beaumont 2000, no pet.); *Geeslin v. McElhenney*, 788 S.W.2d 683, 685 (Tex. App.—Austin 1990, no writ).

The trial court's order reflects that it removed Compass Bank as trustee for gross mismanagement because Compass Bank requested payment of its attorney's fees incurred as a result of "attending a couple of brief show cause hearings." The removal order further reflects that the hearings were related to Compass Bank's use of trust funds to pay for the swimming pool on Brandy's parents' property without securing an interest in the pool for Brandy, and the trial court's directive to Compass Bank to "fix[] the problem it created." The trial court found that the show cause hearings "would not have been necessary had it not been for [Compass Bank's] omissions." Consequently, the trial court found that Compass Bank's attorney's fees "would not have been necessary had [Compass Bank] acted adequately to begin with," and concluded that Brandy "should not have to pay for [Compass Bank's] mistake."

The trial court ultimately found that Compass Bank committed gross mismanagement in the performance of its duties as Trustee. This finding, however, is not supported by the record.

First, the trial court refused to approve Compass Bank's initial use of trust funds to purchase the pool for Brandy's use at her parents' home, and it required counsel to protect this investment in property Brandy did not own, which counsel did by preparing a deed of trust. We have no reason to fault the trial court's requirement, to which Compass Bank has not assigned error on appeal. Rather, the question before us is whether Compass Bank's actions regarding the pool rose to the level of gross mismanagement. We hold the evidence does not support such a

7

finding. Attorney Mayo, the drafter of the trust, testified that such a pool was an appropriate expenditure if the money was available, and he saw no need for an accompanying deed of trust. Documentary evidence also indicated that the pool would be treated as a tax deductible item on Brandy's individual tax return because it was "medically necessary and suggested by her doctors and physical therapists to assist in increasing her mobility." Simons, the trust administrator, testified that the trust increased in value each year and that the increases had more than covered the cost of the pool. She also testified that, before authorizing the expenditure of trust funds for the pool, she consulted attorneys and experts and obtained approval for the purchase from a committee of senior bank officers. Moreover, Compass Bank addressed the trial court's concern with the purchase by preparing and filing the deed of trust, and the trial court's removal order indicates that Compass Bank "was successful in in this regard."

Second, Compass Bank cannot be said to have engaged in gross mismanagement by seeking reimbursement for its counsel's attorney's fees. The special needs trust expressly provides that "[a]n individual or entity serving as Trustee shall be reimbursed from the estate for the reasonable costs and expenses incurred in connection with the administration of the estate . . . on application to and approval of the Court." Likewise, the Texas Trust Code provides that a trustee may reimburse himself from trust principal or income, or partly from both, for advances made for the convenience, benefit, or protection of the trust or its property and expenses incurred while administering or protecting the trust. *See* Tex. Prop. Code § 114.063(a)(1)–(2). Compass Bank incurred expenses in the form of attorney's fees in administering and protecting the trust, and therefore it was entitled to request reimbursement of those fees.[3] *See Grey v. First Nat'l Bank*, 393

---

[3] Compass Bank has not raised an issue on appeal challenging the trial court's denial of

8

F.2d 371, 387 (5th Cir. 1968) (stating that, under Texas law, a trustee may charge his trust for attorney's fees which the trustee, acting reasonably and in good faith, incurs in defending a charge of breach of trust).

Even assuming that Compass Bank's purchase of the pool with trust funds or its request for reimbursement for its attorney's fees incurred in defending the purchase of the pool constituted ordinary negligence or mismanagement, nothing in the record supports the trial court's conclusion that Compass Bank's actions rose to the level of "serious and willful wrongdoing" supporting a finding of gross mismanagement. *See Kappus*, 284 S.W.3d at 836–37. Nor do the bank's actions constitute the willful omission to perform a legal duty, the intentional commission of a wrongful act, or a breach of a fiduciary duty that results in actual harm to a beneficiary's interest. *See Estate of Casida*, 13 S.W.3d at 524–25; *Guardianship of Finley*, 220 S.W.3d at 619–20. Accordingly, we hold that the trial court abused its discretion by removing Compass Bank as trustee and sustain Compass Bank's sole issue on appeal.

## CONCLUSION

We hold that the trial court abused its discretion by removing Compass Bank as trustee of the Brandy Hollis 867 Special Needs Trust on the grounds that Compass Bank committed gross mismanagement in the performance of its duties. We therefore reverse the portions of the trial court's judgment removing Compass Bank as trustee, appointing a successor trustee, and requiring Compass Bank to deliver the trust assets to the successor trustee, and we remand the case to the trial court for further proceedings consistent with this opinion. We further release the

reimbursement for its attorneys' fees, and we therefore express no opinion regarding whether the trial court abused its discretion by denying reimbursement as part of its review of Compass Bank's annual accounting. Instead, we hold only that seeking reimbursement did not rise to the level of gross mismanagement and thus did not support Compass Bank's removal as trustee.

surety, U.S. Specialty Insurance Company, from liability on the supersedeas bond.

/s/        Ken Wise
Justice

Panel consists of Justices Boyce, Busby, and Wise.